UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSHIEKA CHARISMA JONES,

    Plaintiff,                                     Case No. 25-12653

v.                                                  Honorable Nancy G. Edmunds

FOX 2 NEWS, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [5] AND DISMISSING PLAINTIFF'S COMPLAINT**

The pro se complaint filed in this case lists "RoShieka Charisma Jones And all Occupants" as the plaintiffs and "Fox 2 News and Staff and Dre Hawthorne III Production [and] Inkster Police Department" as the defendants. (ECF No. 1.) Plaintiff RoShieka Jones provides 18 U.S.C. § 371 as the basis for federal jurisdiction. Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP"). (ECF No. 5.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP and DISMISSES this case.

**I.**      **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff has submitted an affidavit stating that her only sources of income are social security disability insurance and child support. She also indicates that she has three dependent children, limited savings, and no other assets. Based on this affidavit, Plaintiff's application to proceed IFP is granted.

1

## II.   Plaintiff's Complaint

### A.   Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B.   Analysis

The Court first notes that Plaintiff's factual allegations are vague and somewhat incomprehensible. For example, Plaintiff states "[p]ayments are being issued for a period of 3 years or more from Fox 2 News. Unpaid but ongoing contact. Payment was negotiated for settlement from Inkster Police." (ECF No. 1, PageID.15.) Plaintiff also states "[r]ight to public education violated with planned interference when Minors were arranged by Fox 2 news staff members and it paid affiliates to target students at school doing mentality towards the minor. Thereafter Fox 2 News staff is expected to follow the disputes." Thus, the basis for Plaintiff's claims is unclear.[1]

---

[1] There are additional allegations that relate to her housing, but Plaintiff does not explain how the named defendants could have, for instance, "arranged to not allow tenants to have hot water to shower." Plaintiff recently filed another complaint that included similar allegations regarding her housing but named as the defendant her Section 8 housing development, Thompson Towers Apartments. (Case No. 25-12700.) Judge Laurie J. Michelson dismissed that complaint for failure to state a claim upon which relief may be granted. (*Id.* at ECF No. 11.)

Plaintiff alleges violations of the following federal criminal statutes: 18 U.S.C. § 371, which imposes criminal penalties on persons who conspire to commit any offense against the United States or to defraud the United States; 18 U.S.C. § 241, which imposes criminal penalties on persons who conspire to violate any person's rights; 18 U.S.C. § 1349, which imposes criminal penalties on persons who attempt or conspire to commit fraud; 18 U.S.C. § 2339A, which imposes criminal penalties on persons who provide or attempt or conspire to provide material support to terrorists; and 18 U.S.C. § 1956, which imposes criminal penalties on persons who launder monetary instruments. But a private individual cannot pursue an alleged violation of federal criminal law unless the criminal statute at issue provides for a private right of action. *See Meier v. Wyndham Hotels & Resorts, Inc.*, No. 23-1101, 2023 U.S. App. LEXIS 19595, at *6-7 (6th Cir. July 28, 2023). There is no private cause of action under most of the cited statutes. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (§ 241); *Kordan v. Rigg*, No. 21-cv-11419, 2021 U.S. Dist. LEXIS 153612, at *3-4 (E.D. Mich. July 23, 2021) (§ 1349 and § 1956); *Willing v. Lake Orion Cmty. Sch. Bd.*, 924 F. Supp. 815, 818 (E.D. Mich. 1996) (§ 371). And while a violation of § 2339A can provide the basis for a claim under 18 U.S.C. § 2333(a), which authorizes a private right of action for damages caused by an act of international terrorism, *see Miller v. Akron Bar Ass'n*, No. 5:19CV1334, 2019 U.S. Dist. LEXIS 108708, at * 3 (N.D. Ohio June 28, 2019) (quotation marks and citation omitted), there are no allegations that would give rise to an inference that Plaintiff was injured by an act of international terrorism.

Plaintiff also cites to 42 U.S.C. § 1985, which creates civil liability for conspiracies to prevent a federal officer from performing their duties, obstruct justice, or deprive

3

another person of equal rights or privileges under the law. But Plaintiff does not allege any facts that would state a claim for relief under this statute.

In sum, the Court dismisses Plaintiff's complaint because it is frivolous and fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B).

### III.    Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and her complaint is DISMISSED.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 4, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 4, 2025, by electronic and/or ordinary mail.

s/Marlena Williams
Case Manager